UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TRACEY DAVID JOYNER** | **CIVIL ACTION NO. 24-1096-P** |
| **VERSUS** | **JUDGE HICKS** |
| **R. LAENE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Tracey David Joyner, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 14, 2024. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names Nurse R. Laene, Doctor Nelson, and the Caddo Correctional Center as defendants.

While sleeping on July 28, 2024, Plaintiff was bitten by a spider on his forehead and right underarm. He claims the bites were the size of golf balls. He made a sick call. Plaintiff notes that three other inmates were also bitten by spiders.

Plaintiff claims the other inmates with spider bites were transported to the hospital, but he was not. He claims Dr. Nelson stated that his bites were not life threatening.

Plaintiff was in pain and suffered for days in the medical department. He claims the cell conditions were the worst.

Plaintiff admits he received medical treatment on July 30, 2024, August 2, 2024, August 17, 2024, August 19, 2024, September 2, 2024, September 3, 2024, September 4, 2024, and September 5, 2024. He admits he was examined by Dr. Nelson and/or staff nurses. He admits that on July 30, 2024, he was seen by Dr. Nelson for his spider bites and prescribed Amoxicillin. He asked Dr. Nelson for an MRI and colon test because of his symptoms. He claims Dr. Nelson told him he had infected boils, and his condition was not life threatening. Plaintiff claims he and two other inmates were placed on quarantine for three days and the nurses checked his temperature. He claims there was cross contamination after being bitten by the spider. Plaintiff admits he was prescribed IBP, Coricidin, and other medications.

Plaintiff claims Dr. Nelson should have transported him to Ochsner LSU Hospital for treatment and to remove the infected boils. He claims he should have had an MRI and a colon test. Plaintiff seeks to be seen at LSU Ochsner Hospital, released from the Caddo Correctional Center, and monetary compensation.

## LAW AND ANALYSIS

**Caddo Correctional Center**

Plaintiff names the Caddo Correctional Center as a defendant. The defendant Caddo Correctional Center is not a proper defendant. Pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The Caddo

Correctional Center is not a person within the meaning of this statute.  See, e.g., Castillo v. Blanco, 2007 WL 2264285, (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute).  See also Glenn v. Louisiana, 2009 WL 382680, (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983").

Accordingly, Plaintiff fails to state a claim upon which relief may be granted relative to the Caddo Correctional Center.

**Conditions of Confinement**

Plaintiff claims he was bitten by a spider.  He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S.

337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint and amended complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id. The mere presence of spiders does not rise to the level of a constitutional violation. Simmons v. Gusman, 2016 WL 1441745 (E.D. La. 2016)(Not Reported). See Alex v. Stalder, 73 F. App'x 80 (5th Cir. 2003) ("Alex's assertions that he has been bitten by ants and spiders, for which … he received medical treatment, do not establish deliberate indifference"). "Spiders are not uncommon in an ordinary home, and their presence does not constitute the kind of 'extreme deprivation' of 'life's necessities' required to show deliberate indifference." Hubbard v. Denmark, 1:13-cv-498, 2014 WL 4384328, at *5 (S.D. Miss. Sept. 3, 2014); see also Frechou v. Allison, 1:08-cv-1396, 2010 WL 578493 (S.D. Miss., February 11, 2010) (rejecting claim of lack of pest control for ants and spiders, resulting in plaintiff being bitten by ants at times); Armstead v. Hanson,

5:04-cv-1666, 2007 WL 519671, (W.D. La. Jan. 22, 2007) ("[T]he presence of spiders and spider webs in a building are a common occurrence").

Additionally, there are no allegations that Defendants acted with a culpable state of mind in allowing spiders into the facility.

"The conditions described by plaintiff, while plainly nor comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation." Green v. Gusman, 15-1738, 2016WL3033541, (E.D. La.May 6, 2016). The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." Id. (citing Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982)). The courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Id. Thus, Plaintiff's claim has failed to satisfy the components of an Eighth Amendment claim.

Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**Medical Care**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the

evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits he received medical treatment on July 30, 2024, August 2, 2024, August 17, 2024, August 19, 2024, September 2, 2024, September 3, 2024, September 4, 2024, and September 5, 2024. He states he was examined by Dr. Nelson and/or staff nurses. He states that on July 30, 2024, he was seen by Dr. Nelson for his spider bites and prescribed Amoxicillin. He claims he and two other inmates were placed on quarantine for three days and the nurse checked his temperature. He admits he was prescribed IBP, Coricidin, and other medications.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment Defendants provided him. He claims he should have been transported to Ochsner LSU Hospital to have the boils and infection removed. He claims he should have received an MRI and colon test because of his symptoms. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

To the extent Plaintiff claims he was denied medical care, his allegations if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff

does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

**Release from Incarceration**

To the extent Plaintiff seeks release from custody, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a). To the extent Plaintiff seeks his release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law

or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and for failure to state a claim on which relief may be granted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 28th day of October, 2024.

Mark L. Hornsby
U.S. Magistrate Judge